# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THEODORE HALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 19-3089 |
| ) | |
| FAB TECH WASTEWATER ) | |
| SOLUTIONS LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Theodore Hall, by and through his counsel, and for his cause of action against Defendant Fab Tech Wastewater Solutions LLC [hereinafter "Fab Tech"], states as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff Theodore Hall brings this cause of action against Defendant under the Fair Labor Standards Act (FLSA), 29 U.S.C §§ 201 et seq., Missouri's Minimum Wage Law, §§ 290.500-.580, R.S.Mo., and for violation of public policy of the State of Missouri under R.S.Mo. § 105.055 for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because it involves the same issues of

hours of work, rates of pay, conditions of work, and type of work performed as his federal law claim and they form part of the same case or controversy.

3. The Eastern District of Missouri has personal jurisdiction over Defendant because it does business in this District and in the state of Missouri.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant employed Plaintiff in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff Theodore Hall ("Hall") is an individual and a resident of St. Charles, Missouri. At all relevant times, he was an employee of Defendant and entitled to the rights, protections, and benefits under the FLSA and Missouri's Minimum Wage Law.

6. Defendant Fab Tech is a Missouri corporation engaged in the business of steel fabrication and replacement of wastewater treatment machinery with its principal place of business in O'Fallon, Missouri.

7. At all material times, Defendant Fab Tech has been subject to the FLSA and Missouri's Minimum Wage Law. It is an enterprise engaged in commerce or in the production of goods for commerce and its employees are engaged in commerce within the meaning of the FLSA, 29 U.S.C. §203. It is an employer. At all times, Defendant Fab Tech has had gross operating revenues in excess of $500,000.00 (five hundred thousand dollars).

## FACTUAL ALLEGATIONS

8. Defendant failed or refused to pay Plaintiff for all time worked, including overtime hours worked.

9. Plaintiff routinely continued to work beyond the end of their shifts at the direction of management.

10. Although Defendant required Plaintiff to complete timesheets reflecting his daily work hours, Plaintiff was not compensated for the hours that he worked after they clocked out of their shifts.

11. Management was aware that employees completed substantial amounts of work that they completed off the clock without compensation and did not pay overtime rates for hours worked in excess of forty.

12. Plaintiff informed federal authorities that Defendant did not require that truck drivers possess a certified driver's license and failed to procure USDOT numbers for Defendant's commercial trucks.

13. In retaliation for Plaintiff reporting Defendant's failure to comply with federal law, Defendant terminated Plaintiff's employment.

## COUNT I
## UNPAID OVERTIME UNDER THE FLSA

14. Paragraphs 1 – 12 are re-alleged and incorporated as though fully set forth herein.

15. The FLSA requires employers to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a work week.

16. Hall is entitled to receive and is not exempt from the right to receive one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a work week.

17. Fab Tech's failure and refusal to pay Hall one and one-half times his regular rate of pay for hours he worked in excess of 40 hours in a work week is a violation of the FLSA.

18. Fab Tech acted willfully and knew that its conduct violated the FLSA or showed reckless disregard for whether its conduct complied with the FLSA, and as a result thereof Hall

is entitled to damages equal to pay for all overtime hours worked within the three years preceding the filing of this Complaint. Alternatively, should the Court find that Fab Tech did not act willfully, Hall is entitled to such damages within the two years preceding the filing of this Complaint.

19. Fab Tech has not acted in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Department of Labor or any administrative practice or enforcement policy of the Department of Labor.

20. Hall has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as result thereof Hall is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted under the FLSA.

21. As a result of the aforesaid violations of the FLSA's overtime provisions, Fab Tech willfully and unlawfully withheld overtime compensation from Hall and is liable under the FLSA together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff Theodore Hall prays for relief as follows:

A. Award of back pay equal to the amount of all unpaid compensation for the three years preceding this lawsuit;

B. Award Plaintiff liquidated damages equal to his unpaid overtime;

C. Award of pre-judgment interest;

D. Award Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA;

E. Award of post-judgment interest;

F.       Award such other relief as the Court deems equitable and proper.

## COUNT II
## UNPAID OVERTIME UNDER MISSOURI'S MINIMUM WAGE LAW

22.       Paragraphs 1 – 14 are re-alleged and incorporated as though fully set forth herein.

23.       Section 290.505 of Missouri's Minimum Wage Law states that no employer shall employ any employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of those hours at a rate not less than one and one-half times the regular rate at which she is employed.

24.       Hall is entitled to receive and is not exempt from the right to receive overtime compensation at one and one-half times his regular rate for all work in excess of 40 hours in a work week.

25.       Fab Tech's failure and refusal to pay this overtime compensation to Hall is a violation of Missouri's Minimum Wage Law.

26.       Because of the conduct described above, Fab Tech is liable to Hall for all unpaid overtime compensation, an additional equal amount as liquidated damages, and for costs and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff Theodore Hall prays for relief as follows:

A.       Award of back pay equal to the amount of all unpaid overtime compensation for the two years preceding this lawsuit;

B.       Award Plaintiff liquidated damages equal to his unpaid overtime;

C.       Award of pre-judgment interest;

D.       Award Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of Missouri's Minimum Wage Law;

E.     Award of post-judgment interest;

F.     Award such other relief as the Court deems equitable and proper.

## COUNT III
## WRONGFUL DISCHARGE AGAINST PUBLIC POLICY: WHISTLEBLOWER

27.    Paragraphs 1 – 19 are re-alleged and incorporated as though fully set forth herein.

28.    Under R.S.Mo. § 105.055, "the employee must disclose information he or she reasonably believes evidences (1) a violation of any law, rule, or regulation, (2) mismanagement, (3) a gross waste of funds, (4) a gross abuse of authority, or (5) a substantial and specific danger to public health or safety." *Hudson v. O'Brien*, 449 S.W.3d 87 (Mo. W.D. Ct. App. 2014).

29.    Plaintiff duly performed his job duties for Defendant consistent with the terms of his employment until his wrongful discharge on or about April 15, 2019.

30.    Plaintiff was subjected to disciplinary action by Defendant as defined under R.S.Mo. §105.055.1(1) as *"any dismissal, demotion, transfer, reassignment, suspension, reprimand, warning of possible dismissal or withholding of work, regardless of whether the withholding of work has affected or will affect the employee's compensation."*

31.    Plaintiff was disciplined by Defendant for reporting what he believed to be an issue of workplace safety to management and persons of authority, all of whom were empowered with rectifying the unsafe condition, by being reprimanded, warned of possible dismissal, and ultimately dismissed by Defendant.

32.    Defendant took disciplinary action against Plaintiff in violation of §105.055.

33.    As a direct and proximate result of Defendant's retaliatory termination of Plaintiff in violation of the public policy of the State of Missouri, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages and benefits, and other emoluments and privileges of employment.

34.     Defendant's unlawful conduct recited herein was outrageous because of its evil motive and/or reckless indifference to Plaintiff's rights and the rights of others such that an award of punitive and exemplary damages should be awarded to punish and deter such conduct.

WHEREFORE, Plaintiff Theodore Hall prays for relief as follows:

A.  Award of back pay for lost wages and benefits of employment he has suffered and continues to suffer;

B.  Award of damages for his emotional injuries, including emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation

C.  Award of punitive damages against this Defendant in such amount as this Court believes shall serve to punish it and deter it and others similarly situation from similar conduct in the future

D.  Award of all costs and interests as provided by law;

E.  Award such other relief as the Court deems equitable and proper.

                    Respectfully submitted,

                    SCHUCHAT, COOK & WERNER

                     */s/George O. Suggs*
                    George O. Suggs (31641MO)
                    William P. Suggs (71198MO)
                    1221 Locust Street, Second Floor
                    St. Louis, MO 63103
                    Tel:  (314) 621-2626
                    Fax:  (314) 621-2378
                    gos@schuchatcw.com
                    wps@schuchatcw.com
                    *Attorneys for Plaintiff Theodore Hall*