IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODORE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 19-CV 3089 JMB |
| ) | |
| FAB TECH WASTEWATER ) | **JURY TRIAL DEMANDED** |
| SOLUTIONS, LLC ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S TRIAL BRIEF**

I.   Facts

Plaintiff was employed by Defendant as a welder and laborer. During his employment Plaintiff noticed that on the occasions he worked over forty (40) hours in a work week he was only paid on his straight time hours up to forty hours (40) and did not receive additional pay for the hours over forty per week. Plaintiff was paid for a flat forty (40) hours and received no pay for hours work over that amount. In July, 2018, with the help of his then significant other, Ms. Underwood, who he lived with, he began to keep a record of the time he worked and the amounts he was paid and together they kept a spreadsheet of the hours unpaid as overtime (time and one half) until Plaintiff was terminated by Defendant on April 15, 2019.

To keep the spreadsheet, Plaintiff would call Ms. Underwood from his cell phone as he arrived to begin work and he would call again when he would leave. The times were recorded by Ms. Underwood on a computer using the software Excel.

In January 2019, Defendant began to use a different timekeeping system and on occasion, but not always, paid Plaintiff for hours worked over forty (40) in a work week at time and one half.

Despite knowing that the Plaintiff was entitled to time and one half his regular hourly rate, Defendant failed and refused to pay Plaintiff for time worked over forty (40) hours per week.

II.     Discussion

It appears to Plaintiff that Defendant's defense is factual and not legal in nature. The issue is likely only one of credibility with the Defendant directly contradicting the Plaintiff's evidence. For a period of Plaintiff's employment until mid-January 2019, the Defendant does not appear to have records of the hours worked by the Plaintiff. Defendant's Payroll Journal does not begin to show hours worked by Plaintiff until February 2019. As a result, the only record of Plaintiff's hours worked for the Defendant from July 2018 through January 2019 are those kept by the Plaintiff and Ms. Underwood.

Defendant was required by 29 U.S.C Section 211(c) and 29 CFR 516.2(a)(7) to keep records of all hours worked by Plaintiff as well as straight time and overtime pay. 29 CFR 516.2(a)(8) and (9).  Where an employer has not kept adequate records of wages and hours, however, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." Id. (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). The plaintiff bears the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference." *Anderson*, 328 U.S. at 687-88. Once the plaintiff has produced such evidence of uncompensated work, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

While the Defendant apparently did pay Plaintiff for some of the overtime hours worked from July, 2018 until January 17, 2019 it did so at Plaintiff's straight time rate. For those hours it admits were over forty (40) hour per work week that were worked by Plaintiff during the period prior from July 2019 until November 2018, Plaintiff was paid his straight time rate of Twenty Dollars ($20.00) per hour. From November 2018 through January 17, 2019, Defendant paid Plaintiff the rate of Twenty-three Dollars ($23.00) per hour for straight time and did not pay time and one half that rate for overtime. Defendant paid Plaintiff at total of Four Thousand Two Hundred and Eight Dollars ($4,208.00) all at Plaintiff's straight time rate for hours it admits were over Forty (40) per week. It is undisputed therefore, that Plaintiff is entitled to judgment of Two Thousand One Hundred and Four Dollars ($2,104.00) even if the Plaintiff's evidence is rejected in its entirety.

In the instant case the Defendant's failure to keep the proper records makes the Plaintiff's records, kept with the assistance of Mr. Underwood, sufficient to submit the issue of liability to the jury and is sufficient to support a verdict in favor of Plaintiff. The issue to be tried is simple and straight forward. The jury must decide if Plaintiff worked more than forty (40) hours in some weeks and, if so, how many. Thereafter, it is only necessary to do the calculation as to how many hours should be paid at time and one half the hourly rate Plaintiff was being paid for his straight time forty (40) hours. The jury may award damages for the unpaid hours of overtime.

If Plaintiff prevails, he is also entitled to an award of liquidated damages in an amount equal to the actual damages awarded. Liquidated damages are awarded by the Court after the jury's verdict awarding damages to Plaintiff. In addition, Plaintiff is also entitled to an award of attorney's fees that are also awarded by the Court. 29 U.S.C. Section 216(b).

Respectfully submitted,

SCHUCHAT, COOK & WERNER

*/s/George O. Suggs*
George O. Suggs, (31641MO)
555 Washington Avenue, Suite 520
St. Louis, MO 63101
Tel:  (314) 621-2626
Fax:  (314) 621-2378
gos@scwattorney.com
*Attorney for Plaintiff Theodore Hall*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the United States District Court, Eastern District of Missouri, via the Court's CM/ECF Filing system, which will send notification of such filing to counsel of record, on this 15th day of November, 2021.

*/s/ George O. Suggs*

4