**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THEODORE HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:19-cv-03089 |
| FAB TECH WASTEWATER SOLUTIONS, LLC, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

## TRIAL BRIEF FOR DEFENDANT FAB TECH WASTEWATER SOLUTIONS, LLC

COMES NOW Defendant, Fab Tech Wastewater Solutions, LLC ("Defendant"), by and through undersigned counsel, and submits its Trial Brief in accordance with the Court's original Case Management Order and its subsequent Order Setting Trial.

**1.     Plaintiff's Claims Against Defendant**

Plaintiff was an employee of Defendant from July 16, 2018, until his termination on April 15, 2019. Plaintiff asserts that during his employment with Defendant, he worked overtime hours for which he was not compensated. From the beginning of the Plaintiff's employment through the end of 2018, employees, including Plaintiff, received a standard payroll check for a flat 40 hours each week. Overtime worked during out of town projects was reported to payroll by the road supervisors. Overtime was then paid the following week by a separate, hand written check.

Beginning in January 2019, employees clocked in and out each day using Vericlock, an app that was downloaded to each employees' cell phone. Overtime was then added to each employees' standard payroll check, which was paid together, generally by direct deposit.

The evidence will show Plaintiff was compensated for overtime hours in accordance with the FLSA, and that the source of Plaintiff's only real evidence, his testimony, is not credible.

### a.       Unpaid Overtime Under the FLSA

Count I of Plaintiff's Amended Complaint asserts a claim of unpaid overtime under the Fair Labor Standards Act ("FLSA"). To establish a FLSA claim for unpaid overtime, a plaintiff must prove "(1) that the plaintiff has performed compensable work and (2) the number of hours for which the plaintiff has not been properly paid." *Hertz v. Woodbury Cnty.*, 566 F.3d 775, 783 (8th Cir. 2009). Even if an employer did not request the overtime hours worked, the employee "must be compensated if the employer knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity." *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975) (internal citations and quotation marks omitted). Thus, the employee must show that the employer had actual or constructive knowledge—not merely that the employer "could have known." *Hertz*, 566 F.3d at 782.

Furthermore, a plaintiff, cannot simply assert generally that he worked overtime, but must identify specific hours of the week during which overtime occurred. *Holway v. Stratasys, Inc.*, 771 F.3d 1057, 1058 (8th Cir. 2014) (plaintiff has "failed to put forth any evidence regarding specific weeks where he worked beyond forty hours").

In the case at bar, no credible records exist of Plaintiff's actual hours worked from the beginning of Plaintiff's employment with Defendant through the end of 2018. The only evidence of Plaintiff's overtime hours worked during this period are the checks Plaintiff was paid for working overtime. Beginning in January 2019, Defendant's employees began using Vericlock to clock in and out. This makes the analysis for January 2019 through the conclusion of Plaintiff's employment with Defendant much simpler. A comparison of Plaintiff's clock in/out records with his pay stubs will show Plaintiff was compensated for more overtime hours than he worked.

  **b.**  **Unpaid Overtime Under Missouri's Minimum Wage Law**

Count II of Plaintiff's Amended Complaint asserts the same claim as Count I, only under Missouri's Minimum Wage Law ("MMWL") as opposed to the FLSA. The standard and elements for the Missouri statute are nearly identical to the FLSA.

To establish a claim for unpaid overtime under the MMWL, a plaintiff must prove that he performed the work for which he was not compensated and that his employer had actual or constructive knowledge of that work. *Stanbrough v. Vitek Solutions, Inc.*, 445 S.W.3d 90, 97 (Mo. App. E.D. 2014). An employer is liable for employees' unpaid overtime work only if the employer "knew or should have known they were working overtime." *Id.* "An employer who knows that an employee is working overtime cannot stand idly by and allow an employee to perform overtime work without proper compensation." *Id.* (internal quotation marks and citations omitted).

Since the two statutes so closely mirror one another, the same evidence will show the Plaintiff was properly compensated and is not entitled to relief.

**2.**  **Motions** *in Limine*

In advance of the deadline set by the Court's Order Setting Trial, Defendant will submit motions *in limine* that will fully and specifically describe each piece of evidence that should be excluded and the ~~bases~~basis therefore.

               Respectfully submitted,

               **GORDON REES SCULLY**
               **MANSUKHANI, LLP**

               By: /s/ *Harry L. Benson*
               James C. Morris, #53074
               Harry L. Benson, #70539
               211 N. Broadway, Ste. 2150
               St. Louis, MO 63102

T: (314) 961-6686
F: (314) 338-3076
jmorris@grsm.com
hbenson@grsm.com
*Attorneys for Defendant Fab Tech*
*Wastewater Solutions, LLC*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the United States District Court for the Eastern District of Missouri to be served upon all counsel of record, on this 15th day of November, 2021.

       /s/ *Harry L. Benson*

1202137/63099763v.1

4